UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>TWENTY-FOUR CRYPTO CURRENCY ACCOUNTS<br><br>        Defendant *In Rem* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 19-cv-3098<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT IN SUPPORT OF DEFAULT**

1.    I am the attorney of record for the Plaintiff, the United States of America, in the above-captioned case.

2.    This declaration is executed by me in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, for the purpose of enabling the plaintiff to obtain an entry of default against the above captioned defendant, as no potential claimants have claimed an interest or otherwise defended the action.

3.    The United States commenced this forfeiture action *in rem* against the defendant property by filing a verified complaint for forfeiture on October 16, 2019. *See* Verified Complaint, ECF No. 1.

4.    On April 2, 2020, this Court issued a warrant for arrest *in rem*. ECF No. 6.

5.    The United States gave notice of this action to all known potential claimants pursuant to the procedures set forth in Rule G(4) of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions ("Supplemental Rule"). Supplemental Rule G(4)(b) requires the United States to "send notice of the action and a copy of the complaint to any

person who reasonably appears to be a potential claimant." Fed. R. Civ. P. Supp. R. G(4)(b). The United States identified all known potential claimants.

   a  On or about December 27, 2019, the United States sent notice to the known potential claimants via email and certified mail. Many claimant received notice via such method, however some notices were returned as undeliverable.

   b  On or about May 4, 2020, the United States re-noticed the potential claimants who did not previously receive notice.

6.  In response to the direct notice, the potential claimants had to file a verified claim with this Court within 35 days of the service, that is, no later than January 31, 2020 or June 8, 2020 (depending on the date of service). The deadline to file a claim based on direct notice has passed without any party filing a claim.

7.  Supplemental Rule G(4)(a) also requires the United States to publish notice of the forfeiture "to an official internet government forfeiture site for at least 30 consecutive days." Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C). On November 21, 2019, the United States began posting such notice on an internet site, http://www.forfeiture.gov, for 30 consecutive days. Any verified claim in response to the notice by internet publication had to be filed no later than January 19, 2020. *See* Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B); Declaration of Publication, ECF No. 3. The deadline to file a claim based on publication has passed without any party filing a claim.

8.  No party may contest the United States' allegation that the defendant property is subject to forfeiture, because: (1) there is no claim on the record to the defendant property; (2) the time for filing a claim has expired, and no extensions of time were given; and (3) no person who reasonably appeared to be a potential claimant is an infant or incompetent person.

9.      Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

10.     The Clerk is requested to enter Default against the defendant properties and all parties that might have an interest in it.

11.     Executed this 12th day of June, 2020, by undersigned counsel for plaintiff the United States of America.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
N.Y. Bar No. 4444188

_____
ZIA M. FARUQUI, D.C. Bar No. 494990
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7117
Zia.Faruqui@USDOJ.Gov